FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 29, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLIE BARGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, a foreign insurer,<br><br>    Defendant. | No. 2:18-cv-00223-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 9. The motion was heard without oral argument. Plaintiff is represented by Robb Grangroth. Defendant is represented by Patrick Cronin.

**Background**

Plaintiff's mother, JoAnn Bargel, purchased a life insurance polity in 1990. Plaintiff, Leslie Bargel, is a beneficiary of the policy. JoAnn Bargel died shortly after Defendant Principal Life Insurance Company denied her application for reinstatement after it terminated the policy for failing to make payments on the policy. Plaintiff disputes that no payments were received and asserts that Defendant wrongfully terminated the policy.

Plaintiff sued in Spokane County Superior Court and Defendant removed the action to the Eastern District of Washington. Plaintiff is asserting four claims under Washington law: (1) breach of contract; (2) bad faith; (3) violation of the

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Consumer Protection Act; and (4) violation of the Insurance Fair Conduct Act.

Defendant now moves for summary judgment.

## Motion Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

//

//

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

## Analysis

Here, questions of material fact exist regarding whether Ms. Bargel made the requisite payments or whether Defendant was justified in terminating her policy. The record shows that payments of $2,000 were made on August 30, 2017 and September 1, 2017. This payment history included payments up through September 11, 2017. Defendant maintains that a $2,000 payment was returned from the bank as unpaid, but the proof in support of this statement is a Sept. 8, 2017 email detailing a returned payment from Leslie Bargel Holland. It is not clear why this returned payment is not reflected in the payment history that was run on September 11, 2017. Also, this email references WEBPAY, but Plaintiff stated she made a payment by phone on 8/29/2017. This email is not sufficient to establish that no adequate payments were made. In sum, genuine issues of material facts exist that the jury will need to resolve regarding whether Plaintiff provided adequate payments and whether the termination of JoAnn Bargel's life insurance policy violated the contract, was in bad faith, violated the Consumer Protect Act, or violated the Insurance Fair Conduct Act.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 9, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 29th day of May 2019.

Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**